NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
DAVID T. RYAN (Cal. State Bar No.: 295785)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-4491
     Facsimile:  (213) 894-2979
     E-mail:    david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-759-CJC |
|---|---|
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER FOR DISCOVERY |
| v. | |
| ROBERT RUNDO, ROBERT BOMAN, AARON EASON, and TYLER LAUBE, | |
| Defendants. | |

     The Court has read and considered the stipulation filed by the

parties on November 21, 2018, requesting entry of a protective order

pursuant to Rule 16(d)(1), Federal Rules of Criminal Procedure, which

is incorporated by reference.  For good cause shown, IT IS HEREBY

ORDERED THAT:

     1.   The government may provide to defendants' counsel a copy of

any Protective Order Material under the following terms and

conditions:

          a.   The government will provide to the Defense Team, as

defined below in paragraph 1(f), at least one copy of any Protective

Order Material(s), redacted if and as appropriate.  In the case of electronic material, e.g., an image of a digital device, there will be no redaction of protected materials.  The government will label the Protective Order Material(s) as being subject to a protective order.

b.    The Defense Team is permitted to make copies of the Protective Order Material(s) as necessary for the preparation of the defense and for litigation of matters that arise therefrom.  The Defense Team shall maintain a record of all copies of the Protective Order Material(s) that are made, and shall return all copies of the Protective Order Material(s) to the government, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct, at the conclusion of this case and any appeal or post-conviction collateral attack on any conviction or sentence arising therefrom.  The Defense Team shall ensure that defendant does not retain any Protective Order Material(s) or copies thereof after the conclusion of this case and any appeal or post-conviction collateral attack on any conviction or sentence arising therefrom. the conclusion of the litigation.

c.    The Defense Team shall maintain all Protective Order Material(s), including any copies, in accordance with this Order.

d.    The Protective Order Material(s) (whether in physical or electronic form) shall be securely stored at all times by the Defense Team, except while being actively utilized as provided for in this Order.

e.    A copy of this Order shall be kept with the Protective Order Material(s) at all times.

f.   The Protective Order Material(s) and its contents shall not be disseminated[1] to the media or posted to the Internet, nor shall the information within Protective Order Material(s) be disclosed in any way to any media source or Internet forum, nor shall the Protective Order Material(s) and its contents be disseminated to any persons, organizations, or other entities, other than the following who must be assisting in the preparation of the defense in this case in order to gain access to any Protective Order Material(s):  (i) defendants (under the conditions set forth below); (ii) members of the respective defendants' defense legal teams (attorneys, paralegals, investigators, translators, litigation support personnel, and secretarial staff); and (iii) experts and consultants retained to assist in the preparation of the defense (collectively, the "Defense Team").

g.   Counsel for defendant shall ensure that any person to whom Protective Order Material(s) have been made available has read the terms of the requested order and agreed to act in accordance with the requested order.

h.   The Defense Team may show Protective Order Material(s) to third-party witnesses for the sole purpose of preparation of the defense, but may not provide or otherwise disseminate to third-party witnesses copies of Protective Order Material(s).

i.   Defendants may review Protective Order Material(s) in this case only in the presence of a member of their respective Defense Teams, and defendants' counsel of record shall ensure that

---

[1]  "Disseminated" means to directly or indirectly provide, show, or describe to another (or others) either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom. It includes both physical and virtual sharing of the documents.

defendants are never left alone with any Protective Order Material(s).  Defendants may see and review Protective Order Material(s) in the presence of a member of their respective Defense Teams, but defendants may not copy, keep, maintain, or otherwise possess any Protective Order Material(s) in this case at any time. Defendants must return any Protective Order Material(s) to their respective Defense Teams at the conclusion of any meeting at which defendants are permitted to view the Protective Order Material(s). Defendants may not take any Protective Order Material(s) out of the room in which defendants are meeting with their respective Defense Teams.  Defendants may not write down or memorialize any Protective Order Material(s).  At the conclusion of any meeting with a defendant, the member of the Defense Team present shall take with him or her the Protective Order Material(s).  At no time, under no circumstance, will any Protective Order Material(s) be left in the possession, custody, or control of any defendant, whether the defendant is incarcerated or not.

2.   The Protective Order Material(s), including any copies, may not be used, introduced, or otherwise relied upon, in any proceeding by any person, except by the prosecution team at its discretion or by defendants' counsel of record in this case in hearings and proceedings in United States v. Robert Rundo et al., CR 18-759 (Central District of California) and any appeal or any post-conviction collateral attack on any conviction or sentence arising therefrom.

3.   The Defense Team shall return all Protective Order Material(s), including all copies, to the United States Attorney's Office ("USAO") for the Central District of California, certify that

such materials have been destroyed, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct, at the conclusion of this case and any appeal or post-conviction collateral attack on any conviction or sentence arising therefrom.  If defense counsel work product-protected material is present on the Protective Order Material(s), then when those materials are returned, defense counsel and/or staff may elect to observe USAO staff shred those materials at the USAO.

4.   Should any defendant change attorneys at any time before the Protective Order Material(s) and all copies are returned to the USAO, his former counsel will not provide the Protective Order Material(s), including any copies, or disclose the contents of any Protective Order Material(s) to any subsequent counsel unless subsequent counsel for that defendant in this matter has agreed to in writing, or has been ordered by the Court to, be bound by this protective order.  If subsequent counsel's consent to this Order cannot be obtained, defendant's former counsel will return the Protective Order Material(s) and all copies to the USAO immediately.

5.   Any papers to be filed with the Court on behalf of any defendant that include Protective Order Material(s) or refer to the contents of Protective Order Material(s) shall be filed under seal unless the defendant obtains a) written agreement from the government assenting to public filing, or b) an order of the Court.  Any papers to be filed with the Court by the government that include Protective Order Material(s) or refer to the contents of Protective Order Material(s) may be filed under seal in the government's discretion.

6.   Any papers to be filed with the Court in response to papers filed in conformity with the preceding paragraph shall also be filed

1    under seal absent the written agreement of the opposing party or an

2    order of the Court.

3         7.    Nothing in this Order will be construed so as to limit or

4    restrict the government's discovery obligations pursuant to Rule 16

5    of the Federal Rules of Criminal Procedure and Brady v. Maryland, 373

6    U.S. 83 (1963), or any other provision of law.

7         8.    Nothing in this order shall be construed: (1) as a waiver

8    by any defendant to seek additional discovery beyond that provided by

9    the government; or (2) as a waiver of any defendant's right to seek

10   an unredacted version of any Protective Order Material(s); or (3) as

11   a waiver of any defendant's right to challenge whether a specific

12   document should be subject to this protective order.  Nothing in this

13   order shall be construed as limiting the government's ability to

14   object to those requests.  In addition, the parties reserve the right

15   to seek future modifications of this protective order.

16

17   DATED:_____

18

19                              _____
                                THE HONORABLE CORMAC J. CARNEY
                                UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28