NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
DAVID T. RYAN (Cal. Bar No. 295785)
GEORGE E. PENCE (Cal. Bar No. 257595)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4491/2253
    Facsimile: (213) 894-2927
    E-mail:    david.ryan@usdoj.gov
               george.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-00759-CJC |
|---|---|
| Plaintiff, | OPPOSITION TO THE FREE EXPRESSION FOUNDATION, INC.'S APPLICATION FOR LEAVE TO FILE AMICUS CURIAE BRIEF |
| v. | |
| ROBERT RUNDO, ROBERT BOMAN, and AARON EASON, | Hearing Date: 6/3/2019<br>Hearing Time: 2:00 P.M.<br>Location:     Courtroom of the<br>              Hon. Cormac J.<br>              Carney |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and the undersigned Assistant United States Attorneys, hereby files its Opposition to the Free Expression Foundation, Inc.'s Application for Leave to File Amicus Curiae Brief (Dkt. 140).

//

//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 22, 2019                    Respectfully submitted,

                                       NICOLA T. HANNA
                                       United States Attorney

                                       PATRICK R. FITZGERALD
                                       Assistant United States Attorney
                                       Chief, National Security Division


                                            /s/
                                       GEORGE E. PENCE
                                       DAVID T. RYAN
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On May 8, 2019, the Free Expression Foundation, Inc. ("FEF") filed an Application for Leave to File an Amicus Curiae Brief.  (Dkt. 140.)  The Application should be denied because (1) FEF's proposed brief offers no new information, legal authority, or perspective, and merely parrots the case law and arguments set forth in the parties' pleadings; and (2) FEF is not a "friend of the court," but rather a friend of the defendants, having engaged in both public advocacy and private legal consulting on behalf of defendants and their co-conspirators recently convicted in Virginia on the same charges arising from the same riots as those at issue here.

**II.  ARGUMENT**

"The term 'amicus curiae' means friend of the court, not friend of a party."  Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997).  "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.  Id. (citing Miller-Wohl Co. v. Commissioner of Labor & Industry, 694 F.2d 203 (9th Cir.1982) (amicus curiae fulfills its "classic role" by "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration")).

"Otherwise, leave to file an amicus curiae brief should be denied." Id. (citing Northern Securities Co. v. United States, 191 U.S. 555, 556 (1903)).

"Historically, amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy, 54 F.Supp.2d 974, 975 (E.D. Wash. 1999). While an amicus curiae need not be entirely disinterested from the issues presented, amicus briefs that are "filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief [. . .] should not be allowed. They are an abuse." Ryan, 125 F.3d at 1063.

Here, not only does FEF's brief serve none of the functions of an amicus curiae, FEF itself is not a proper amicus curiae. FEF has engaged in both public advocacy and private legal consulting on behalf of defendants and their co-conspirators. Indeed, FEF's public listing of its activities as an organization includes only two items: (1) a lawsuit filed by a Maryland attorney against the Southern Poverty Law Center for exposing the attorney's purported ties to the National Alliance[1]; and (2) FEF's public advocacy for defendants and

---

[1] According to the Anti-Defamation League, the National Alliance is a "neo-Nazi" organization which was "for two decades the most formidable presence in the white supremacist world." https://www.adl.org/resources/profiles/national-alliance

2

their co-conspirators charged in Virginia and FEF's provision of legal research to them.[2]

Perhaps unsurprisingly, then, FEF's brief largely parrots the arguments set forth in defendants' motion and addressed at length in the government's opposition.  FEF's brief cites no new cases analyzing the Anti-Riot Act, suggests no new standard of review or analytical framework for construing the statute, raises no new policy or legislative history considerations, and provides no new factual information to aid the Court.

First, like defendants, FEF argues that the Anti-Riot Act is overbroad because it does not criminalize acts of violence themselves, but rather "pre-riot communications which led to riots." (FEF Brief at 7).  As an initial matter, FEF provides no new analysis on this point, simply restating the relevant holdings of United States v. Williams, 553 U.S. 285 (2008), and United States v. Dellinger, 472 F.2d 340 (7th Cir. 1972), and then referring the Court to defendants' brief for further analysis.  (FEF Brief at 7). Furthermore, as the government explained in its opposition, this argument is misplaced.  The Anti-Riot Act requires not just pre-riot communications that led to riots, as FEF asserts, but (1) pre-riot communications or travel conducted with the intent to undertake acts of violence in furtherance of a riot or to incite or instigate a riot, and (2) subsequent overt acts committed with the same intent and for the same purpose.  See Dellinger, 472 F.2d at 361-62 (holding that the overt acts required by the Anti-Riot Act create an "adequate relation between expression and action" under the First Amendment);

---

[2] See https://freeexpressionfoundation.org/fef-helps-charlottesville-4-with-legal-research/

3

United States v. Hoffman, 334 F. Supp. 504, 509 (D.D.C. 1971) (holding that the Anti-Riot Act does not "authoriz[e] conviction where the unlawful intent and the prohibited act do not coincide"). Moreover, the regulation of such pre-riot communications committed with the requisite intent is neither improper nor unusual, as the Supreme Court has recognized that "[m]any long established criminal proscriptions—such as laws against conspiracy, incitement, and solicitation—criminalize speech . . . that is intended to induce or commence illegal activities," and laws that prohibit "proposal[s] to engage in illegal activity . . . fall[] well within constitutional bounds." Williams, 553 U.S. at 298-300.

Second, FEF repeats defendants' argument that the Anti-Riot Act infringes on the right to free assembly because it "makes the organizers liable for the acts of third parties," including opposing counter-protestors, allowing a so-called "Heckler's Veto." (FEF Brief at 8-9). Again, FEF cites no new facts or case law construing the Anti-Riot Act to assist the Court in analyzing these issues. And again, like defendants, FEF's argument is predicated on ignoring the statute's intent element. As the government explained in its opposition, multiple courts have rejected this exact argument, and the Seventh Circuit succinctly stated why:

> Plaintiffs' arguments based on guilt by association, loss of control over a theretofore peaceful assembly, and strict liability for the acts of anyone joining an intended peaceful demonstration simply fail to take account of the language of the statute. The statute does interdict riot-connected overt acts, but only if the prescribed intent is present when the interstate travel or use of interstate facilities occurs. Thus the intent to engage in one of the prohibited overt acts is a personal prerequisite to punishment under this provision and necessarily renders any challenge based on

4

        innocent intent or unexpected result wide of the mark.

National Mobilization Committee to End the War in Vietnam v. Foran et al., 411 F.2d 934, 938 (7th Cir. 1969).

    Perhaps the only new point introduced by FEF's brief is the unsupported and plainly inaccurate factual assertion that invalidating the Anti-Riot Act will have little societal cost because the statute has been "invoked only twice in the last 40 years." (FEF Brief at 7.) In fact, while the total number of prosecutions is not known, as not every prosecution results in a published opinion, prosecutions under the Anti-Riot Act have resulted in several opinions throughout the country that are readily available online, many of which rejected arguments such as those presented here. See, e.g., United States v. Daley et al., 2019 WL 1951586 (W.D. Va. May 2, 2019); United States v. Carter, 2018 WL 3942163 (E.D. Wis. Aug. 16, 2018); United States v. McNamara-Harvey, 2010 WL 3928529 (E.D. Penn. Oct. 5, 2010); In re Application of Madison, 687 F. Supp. 2d 103, 112 (E.D.N.Y. 2009); United States v. Markiewicz, 978 F.2d 786 (2nd Cir. 1992); United States v. Camil, 497 F.2d 225 (5th Cir. 1974); Beverly v. United States, 468 F.2d 732 (5th Cir. 1972); United States v. Dellinger, 472 F.2d 340 (7th Cir. 1972); United States v. Seale, 461 F.2d 345 (7th Cir. 1972); United States v. Hoffman, 334 F. Supp. 504, 509 (D.D.C. 1971); In re Shead, 302 F. Supp. 560 (N.D. Cal. 1969); National Mobilization Committee to End the War in Vietnam v. Foran et al., 411 F.2d 934, 938 (7th Cir. 1969).

    FEF is a friend of the defendants, not a friend of the Court, and its proposed brief offers no "unique information or perspective

that can help the court beyond the help that the lawyers for the parties are able to provide." Ryan, 125 F.3d at 1063. Its application for leave to file an amicus curiae brief should be denied.

### III. CONCLUSION

For the foregoing reasons, this Court should deny FEF's Application for Leave to File Amicus Curiae Brief.

Dated: May 22, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

           /s/
GEORGE E. PENCE
DAVID T. RYAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

6