E. MARTIN ESTRADA
United States Attorney
ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division
SOLOMON KIM (Cal. Bar No. 311466)
MARIA JHAI (Cal. Bar No. 283059)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2450
    Facsimile: (213) 894-0141
    E-mail:   solomon.kim@usdoj.gov
              maria.jhai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>ROBERT RUNDO, et al.,<br><br>      Defendants. | No. CR 18-759-CJC<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**<br>March 28, 2023<br><br>**PROPOSED TRIAL DATE:**<br>December 12, 2023 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Solomon Kim and Maria Jhai, and defendant TYLER LAUBE ("LAUBE"), both individually and by and through his counsel of record, Jerome Haig, hereby stipulate as follows:

    1.   The Indictment in this case was filed on November 1, 2018. Defendant Robert Rundo first appeared before a judicial officer of

the court in which the charges in this case were pending on October 22, 2018.  Defendant Boman first appeared before a judicial officer of the court in which the charges in this case were pending on October 24, 2018.  Defendant LAUBE first appeared before a judicial officer of the court in which the charges in this case were pending on October 24, 2018.  Defendant Aaron Eason first appeared before a judicial officer of the court in which the charges in this case were pending on October 29, 2018.

2.    In April 2019, defendants Rundo, Boman and Eason moved to dismiss the Indictment.  In June 2019, defendant LAUBE likewise moved to dismiss the Indictment.  The Court subsequently granted both motions and dismissed the Indictment.

3.    The government timely appealed the Court's dismissal order, and, on March 4, 2021, the Ninth Circuit reversed the Court's order and remanded for further proceedings.  The mandate issued on February 8, 2022.  The Court held a status conference on March 3, 2022, where it ordered the parties to file a stipulation to continue the trial and a proposed case management order.  Following remand from the Ninth Circuit, the Speedy Trial Act, 18 U.S.C. § 3161, required that the trial commence on or before April 19, 2023.  See 18 U.S.C. § 3161(e); United States v. Lloyd, 125 F.3d 1263, 1265 (9th Cir. 1997).

4.    On March 29, 2022, the Court set a trial date of April 11, 2023, and a pretrial conference date of April 3, 2023.  On December 8, 2022, the Court advanced the trial date and pretrial conference date to March 28, 2023, and March 20, 2023, respectively.

5.    Defendant Boman is detained pending trial.  Defendant LAUBE is released on bond pending trial.  Since the Ninth Circuit's reversal, defense counsel for defendant Rundo is not in communication

with her client.  On January 30, 2023, this Court granted the government's motion to dismiss the case as to defendant Aaron Eason only, due to his death.

6.   The parties estimate that the trial in this matter will last approximately two weeks.  All defendants are joined for trial and a severance has not been granted.

7.   By this stipulation, defendant LAUBE moves to continue the trial date to December 12, 2023 and the pretrial conference to December 4, 2023, and to set a motion schedule as follows: motions to be filed by October 5, 2023; oppositions to be filed by October 26, 2023; replies to be filed by November 2, 2023; and any motions hearing on November 16, 2023.  This is the second request for a continuance since the Ninth Circuit's mandate.

8.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   The defendants in this case are charged with violations of 18 U.S.C. §§ 371 (Conspiracy) and/or 2101 (Riots).  The government has made available to the defense approximately 44,000 pages of discovery.

b.   Defense counsel for defendant LAUBE is presently scheduled to be in the following trials or other matters: (1) <u>People v. Ezequiel Romo</u>, LASC Case No. BA475969-01, a murder and gang conspiracy case set for trial February 6, 2023, and expected to last two months; (2) <u>United States v. James Vlha</u>, 9th Cir. COA No. 22-50281, opening brief due February 23, 2023; (3) <u>People v. Gilbert Acuna</u>, LASC Case No. LA090577, a murder trial set for trial April 10, 2023, and expected to last two weeks; (4) <u>United States v. Denny</u>

3

1    Vuong, CR 19-275-ODW, a trial set for April 18, 2023, expected to

2    last two weeks; (5) United States v. Donna Givens, CR 20-75-JAK, a

3    bank-, wire-fraud and identity-theft trial set to begin May 2, 2023,

4    and expected to last two weeks; (6) United States v. Justin Arteaga,

5    CR 21-33(A)-AB, a VICAR murder trial set for trial May 16, 2023, and

6    expected to last three weeks; and (7) United States v. Akmal Ilyas,

7    CR 21-460-GW, a trial set for July 11, 2013, expected to last two

8    weeks.

9         c.   Accordingly, counsel for defendant LAUBE represents

10   that he will not have the time that he believes is necessary to

11   prepare to try this case on or before March 28, 2023.

12        d.   On February 6, 2023, the government filed a plea

13   agreement signed by defendant BOMAN.  A change-of-plea hearing is

14   scheduled for February 21, 2023.

15        e.   In light of the foregoing, counsel for defendant LAUBE

16   also represents that additional time is necessary to confer with

17   defendant, conduct and complete an independent investigation of the

18   case, conduct and complete additional legal research including for

19   potential pre-trial motions, review the discovery and potential

20   evidence in the case, and prepare for trial in the event that a

21   pretrial resolution does not occur.  Defense counsel represents that

22   failure to grant the continuance would deny him reasonable time

23   necessary for effective preparation, taking into account the exercise

24   of due diligence.

25        f.   Defendant LAUBE believes that failure to grant the

26   continuance will deny him continuity of counsel and adequate

27   representation.

28        g.   The government does not object to the continuance.

4

1    h.   The requested continuance is not based on congestion
2  of the Court's calendar, lack of diligent preparation on the part of
3  the attorney for the government or the defense, or failure on the
4  part of the attorney for the Government to obtain available
5  witnesses.

6    9.   For purposes of computing the date under the Speedy Trial
7  Act by which defendant's trial must commence, the parties agree that
8  the time period March 28, 2023 to December 12, 2023, inclusive,
9  should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
10  (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a
11  continuance granted by the Court at defendant's request, without
12  government objection, on the basis of the Court's finding that: (i)
13  the ends of justice served by the continuance outweigh the best
14  interest of the public and defendant in a speedy trial; (ii) failure
15  to grant the continuance would be likely to make a continuation of
16  the proceeding impossible, or result in a miscarriage of justice; and
17  (iii) failure to grant the continuance would unreasonably deny
18  defendant continuity of counsel and would deny defense counsel the
19  reasonable time necessary for effective preparation, taking into
20  account the exercise of due diligence.

21    10.   The government represents that on January 19, 2023, counsel
22  for defendant Rundo, Julia Deixler, informed the government by
23  telephone that she is not in contact with her client and that she
24  takes no position on this stipulation.  Defendant Boman has signed a
25  plea agreement and his change of plea is scheduled for February 21,
26  2023.  Defendant Boman objects to continuing the trial in this
27  matter.  The stipulating parties agree that, pursuant to 18 U.S.C.
28  § 3161(h)(6), the time period March 28, 2023, to December 12, 2023

constitutes a reasonable period of delay for defendants Rundo and Boman, who are joined for trial with codefendant LAUBE as to whom the time for trial has not run and no motion for severance has been granted.

11.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: February 9, 2023          Respectfully submitted,

                                 E. MARTIN ESTRADA
                                 United States Attorney

                                 ANNAMARTINE SALICK
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                    /s/
                                 _____
                                 SOLOMON KIM
                                 MARIA JHAI
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

//

//

//

I am TYLER LAUBE's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than December 12, 2023 is an informed and voluntary one.

_____        **February 9, 2023**
JEROME J. HAIG                          Date
Attorney for Defendant
TYLER LAUBE

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 12, 2023.

_____        Feb 9, 2023
Tyler Laube (Feb 9, 2023 14:31 PST)
TYLER LAUBE                             Date
Defendant

7