EXHIBIT QQ



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Kathrynne Seiden and Solomon Kim*  
*Phone: (213) 894-0631/2450*  
*E-mail: kathrynne.seiden@usdoj.gov*  
*        solomon.kim@usdoj.gov*

*1500 United States Courthouse*  
*312 North Spring Street*  
*Los Angeles, California  90012*

January 9, 2024

**VIA E-MAIL**

Deputy Federal Public Defender Erin Murphy  
Office of the Federal Public Defender  
321 East 2nd Street  
Los Angeles, CA 90012  
erin_murphy@fd.org

      Re:    United States v. Robert Paul Rundo et al.,  
              CR No. 18-759-CJC

Dear DFPD Murphy:

We write in response to your letter dated December 13, 2023, in which you request 14 categories of discovery related to a potential selective prosecution claim under United States v. Armstrong, 517 U.S. 456 (1996).  In addition to the fact that many of the requested materials appear to be protected by the attorney-client, attorney work product, and/or other privileges, disclosure of the requested materials is not warranted under Armstrong.

In Armstrong, the Supreme Court stated that a defendant seeking to overcome the "presumption that a prosecutor has not violated equal protection" must present "clear evidence" that "the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose."  517 U.S. at 465.  The court held that the defendant was not entitled to a set of discovery far narrower than the universe of materials you seek here,[1] reasoning that "the justifications for a rigorous standard for the elements of a selective-prosecution claim [] require a correspondingly rigorous standard for discovery in aid of such a claim" because such a demand imposes on the government "many of the costs present when [it] must respond to a prima facie case of selective prosecution."  Id. at 468.  Accordingly, a defendant seeking discovery in support of a selective prosecution claim must make a "credible showing of different treatment of

---

[1] In Armstrong, the district court ordered the government to produce a list of cases from a three-year period in which the government charged firearm or drug offenses, the race of the defendants in those cases, the criteria for deciding to prosecute those defendants, and the level of law enforcement involved in the investigation of those cases.  517 U.S. at 459.  In contrast, you seek, among other items, discovery related to virtually any Assistant United States Attorney's involvement and evaluation regarding any potential suspect of rioting over a ten year period.

**EXHIBIT QQ - Page 1 of 3**

DFPD Murphy
RE:  United States v. Rundo et al.
January 9, 2024
Page 2

similarly situated persons" by producing "evidence that similarly situated defendants [of a different protected class] could have been prosecuted, but were not[.]"  Id. at 469.

Your letter identifies insufficient facts to show discriminatory purpose and effect under Armstrong.  The letter provides no evidence from which to conclude that any others could have been prosecuted under 18 U.S.C. § 2101 but were not.  Accordingly, you have not provided sufficient evidence of a discriminatory effect.  See id. at 470; see also United States v. Aguilar, 883 F.2d 662, 706 (9th Cir. 1989) ("Absent a similarly situated control group, the government's prosecution of a defendant exercising his constitutional rights proves nothing" because "factors other than the protected expression may very well play a part in the prosecution.").

Similarly, "a defendant who seeks discovery on a claim of selective prosecution must show some evidence of both discriminatory effect and discriminatory intent."  United States v. Bass, 536 U.S. 862, 863 (2002).  You have not provided any evidence that the government's prosecution of your client was motivated by his exercise of constitutionally permissible speech, rather than because your client spearheaded a group whose intended goal was to incite and participate in a series of violent riots.  See United States v. Bourgeois, 964 F.2d 935, 941 (9th Cir. 1992) (defendant failed to establish a colorable basis that government acted with a racial motive in targeting a gang whose members were often armed and violent).  Your assertion that your client and other members of his group were prosecuted for "their beliefs, i.e., the government's view that they are white supremacists," is not a sufficient showing to warrant the expansive discovery you seek.  See United States v. Sanders, 211 F.3d 711, 718 (2d Cir. 2000) ("It would be too easy for defendants to obtain discovery . . . if all that was required was to identify a potential motive for prosecutorial animus.  To warrant discovery, the defendant must show 'some evidence' of 'genuine animus,' not the mere possibility that animus might exist under some circumstances.").

The government will continue to produce materials consistent with its discovery obligations, to include any materials that are exculpatory, the statements of testifying witnesses, and/or material to the preparation of your defense against the government's case-in-chief.  However, the requested items are not subject to disclosure under Brady, 18 U.S.C. § 3500, or Fed. R. Crim. P. 16(a)(1).  See Armstrong, 517 U.S. at 456 (holding that Rule 16(a)(1) does not require disclosure of information that is material to the preparation of a selective prosecution claim); see also Fed. R. Crim. P. 16(a)(2) (exempting from disclosure reports, memoranda, or other internal government documents made by a government attorney or agency in connection with the investigation or prosecution of the case).

**EXHIBIT QQ - Page 2 of 3**

DFPD Murphy
RE:  United States v. Rundo et al.
January 9, 2024
Page 3


Please let me know if you have any questions, or would like to further discuss any of the matters raised above.  To the extent you have additional facts to support your position, the government will consider them.

Very truly yours,

/s/

KATHRYNNE SEIDEN
SOLOMON KIM
Assistant United States Attorneys
Terrorism and Export Crimes Section

**EXHIBIT QQ - Page 3 of 3**