**FILED**

**NOT FOR PUBLICATION**

JUL 16 2024

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2814 |
| Plaintiff - Appellant, | D.C. No. 2:18-cr-00759-CJC-1 |
| v. | |
| ROBERT RUNDO, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, Senior District Judge, Presiding

Submitted May 3, 2024**

Before: PAEZ and M. SMITH, Circuit Judges, and TIGAR, District Judge.***

The government timely appealed the order of the district court releasing Defendant-Appellee Robert Rundo. The order was stayed pending resolution of Appeal No. 24-932. We have jurisdiction pursuant to 18 U.S.C. § 3145(c), and we

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

reverse the district court's order. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

1. The district court clearly erred when it found that Rundo did not "pose a danger to the safety" of others. *See* 18 U.S.C. § 3143. The district court stated that "the government has provided no evidence that Mr. Rundo . . . caused any injury to anyone," despite mountains of evidence in the record to the contrary. This evidence included photographs and videos of Rundo physically assaulting people, and posts on social media where Rundo gloated about having used violence to harm people. We are thus left with a "definite and firm conviction that a mistake has been committed" in the district court's analysis below. *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

2. The district court clearly erred when it found that Rundo was not "likely to flee" if released. *See* 18 U.S.C. § 3143. Rundo had evaded the government for years by using fake passports and other identification, and he was only before the district court in this case because he was successfully extradited from Romania. The district court failed to mention this fact in its order. Its choice to gloss over this evidence also leaves us with a "definite and firm conviction that a mistake has been committed" in its analysis. *Easley*, 532 U.S. at 242 (quoting *United States Gypsum Co.*, 333 U.S. at 395).

REVERSED.