# **Exhibit 1**

```
                                                    Q09652467
                   CRIMINAL COURT OF THE CITY OF NEW YORK
                        PART APAR, COUNTY OF QUEENS
```

```
_____
 THE PEOPLE OF THE STATE OF NEW YORK |    STATE OF NEW YORK
                                     |    COUNTY OF QUEENS
                V.                   |
                                     |
 ROBERT RUNDO                        |
             DEFENDANT               |
                                     |
_____
```

DETECTIVE FRANCIS JOHNSTON OF QNS DET AREA 109, TAX REG#: 910273, BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT MAY 10 2009 AT ABOUT 11:10PM, AT THE NE INTERSECTION OF 159 STREET AND 43 AVENUE, COUNTY OF QUEENS, STATE OF NEW YORK

THE DEFENDANT COMMITTED THE OFFENSES OF:
PL 120.07 GANG ASSAULT IN THE FIRST DEGREE
PL 120.06 GANG ASSAULT IN THE SECOND DEGREE
PL 120.10-1 ASSAULT IN THE FIRST DEGREE
PL 120.05-1 ASSAULT IN THE SECOND DEGREE
PL 120.05-2 ASSAULT IN THE SECOND DEGREE (2 COUNTS)
PL 265.01-2 CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH DEGREE

IN THAT THE DEFENDANT DID:   WITH INTENT TO CAUSE SERIOUS PHYSICAL INJURY TO ANOTHER PERSON AND WHEN AIDED BY TWO OR MORE OTHER PERSONS ACTUALLY PRESENT, HE CAUSES SERIOUS PHYSICAL INJURY TO SUCH PERSON OR TO A THIRD PERSON;  WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON AND WHEN AIDED BY TWO OR MORE OTHER PERSONS ACTUALLY PRESENT, HE CAUSES SERIOUS PHYSICAL INJURY TO SUCH PERSON OR TO A THIRD PERSON;WITH INTENT TO CAUSE SERIOUS PHYSICAL INJURY TO ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR A THIRD PERSON BY MEANS OF A DEADLY WEAPON OR DANGEROUS INSTRUMENT;WITH INTENT TO CAUSE SERIOUS PHYSICAL INJURY TO ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR TO A THIRD PERSON WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR A THIRD PERSON BY MEANS OF A DEADLY WEAPON OR A DANGEROUS INSTRUMENT;POSSESS A DAGGER, DANGEROUS KNIFE, DIRK, RAZOR, STILETTO, IMITATION PISTOL, SHIRKEN OF KUNG FU STAR OR ANOTHER DANGEROUS OR DEADLY INSTRUMENT OR WEAPON WITH INTENT TO USE THE SAME UNLAWFULLY AGAINST ANOTHER PERSON

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT HE IS INFORMED BY THE COMPLAINANT, ▮▮▮▮▮ THAT AT THE ABOVE MENTIONED DATE, TIME AND LOCATION OF OCCURRENCE, HE AND HIS FRIEND, ▮▮▮▮▮▮▮▮▮, WERE AT THE STORE WHEN THEY WERE APPROACHED BY THE DEFENDANT AND FOUR UNAPPREHENDED OTHERS, AND THAT THE DEFENDANT ASKED HIM WHY HE WAS WEARING BLUE.

DEPONENT STATES THAT HE IS FURTHER INFORMED BY THE COMPLAINANT THAT THE DEFENDANT AND ONE OF THE UNAPPREHENDED OTHERS DISPLAYED KNIVES, AND THAT HE AND ▮▮▮ THEN FLED THE STORE, WITH THE DEFENDANT AND A NUMBER OF THE UNAPPREHENDED OTHERS CHASING THEM.

DEPONENT STATES HE IS FURTHER INFORMED BY THE COMPLAINANT THAT HE TRIPPED WHILE RUNNING AWAY FROM THE SCENE, AND THAT WHILE HE WAS ON THE GROUND ATTEMPTING TO GET UP THE DEFENDANT STABBED HIM IN HIS RIGHT HAND, ON HIS RIGHT ELBOW, ON HIS LEFT ARM, ON THE BACK OF HIS NECK AND IN HIS CHEST.

DEPONENT STATES HE IS FURTHER INFORMED BY ▮▮▮▮▮▮▮ THAT HE ATTEMPTED TO PULL HIS FRIEND, ▮▮▮▮▮ AWAY FROM THE ATTACK, BUT THAT HE WAS SET UPON BY ONE OF THE UNAPPREHENDED OTHERS WHO HIT HIM IN THE FACE WITH AN UNKNOWN OBJECT, CAUSING A LACERATION TO HIS FOREHEAD THAT REQUIRED STITCHES TO CLOSE.

DEPONENT STATES HE IS FURTHER INFORMED BY COMPLAINANT ▮▮▮ THAT ONE OF THE UNAPPREHENDED OTHERS HIT HIM IN THE FACE WITH AN UNKNOWN OBJECT, CHIPPING FOUR OF HIS TEETH.

DEPONENT STATES HE IS INFORMED BY BOTH COMPLAINANTS THAT THEY RECEIVED TREATMENT FOR THEIR ABOVE MENTIONED INJURIES AT A LOCAL HOSPITAL.

DEPONENT STATES HE IS INFORMED BY COMPLAINANT ▮▮▮ THAT AS OF SEPTEMBER 1, 2009, HIS RIGHT HAND IS STILL SWOLLEN, AND THAT HE CANNOT CLOSE IT COMPLETELY OR WITHOUT PAIN DUE TO NERVE AND TENDON DAMAGE FROM THE ABOVE DESCRIBED ATTACK.

DEPONENT STATES THAT HE HAS RECOVERED AND OBSERVED SURVEILLANCE VIDEO WHICH SHOWS MUCH OF THE ABOVE MENTIONED INCIDENT, AND HE OBSERVED THAT ON THAT VIDEO A PER

```
SON RESEMBLING THE DEFENDANT AND TWO UNAPPREHENDED OTHERS CHASED THE COMPLAINANT
S, AND THAT ONE OF THE UNAPPREHENDED OTHERS CARRIED SOME SORT OF CLUB AND THAT T
HE OTHER UNAPPREHENDED OTHER USED IT TO STRIKE EACH OF THE COMPLAINANTS.
```

```
 1   SUPREME COURT OF THE STATE OF NEW YORK
 2   COUNTY OF QUEENS: CRIMINAL TERM, PART W-50
 3   ------------------------------------------------X
 4   THE PEOPLE OF THE STATE OF NEW YORK,          SCI No.
 5              -against-                          35-2010
 6   ROBERT RUNDO,                                 PLEA
 7                       Defendant.
     ------------------------------------------------X
 8
 9                                      January 7, 2010
                                        125-01 Queens Boulevard
10                                      Kew Gardens, New York 11415
11   BEFORE:
12        HONORABLE SUZANNE MELENDEZ,
                                        Justice,
13
14   APPEARANCES:
15   FOR THE PEOPLE:
16        JOHN M. RYAN, ESQ.
          District Attorney, Queens County,
17        BY: ERNEST BURSTEIN, ESQ.
              Assistant District Attorney
18
19   FOR THE DEFENDANT:
20        EDWARD W. MACE, ESQ.
          515 Madison Avenue
21        New York, New York 10022
22        BY: ROBERT ZGUZIK, ESQ.
23
24                             GAIL J. NEUFELD, RPR
                               SENIOR COURT REPORTER
25
```

gjn

USA_00222206

3

ROBERT RUNDO - Proceedings                                            2

1  THE CLERK: From the plea calendar, number 29, Robert Rundo,
2  SCI number 35 of 2010.
3       Counselor, appearance, please.
4  MR. ZGUZIK: Robert Zguzik for Edward W. Mace, PC, 515 Madison
5  Avenue, New York, New York 10022.
6       Good afternoon, your Honor.
7  THE COURT: Good afternoon.
8  MR. BURSTEIN: This is your copy. (Handing.)
9  THE OFFICER: Explain the paperwork to him, have him sign it.
10 THE COURT: What is the disposition?
11 MR. BURSTEIN: Judge, the plea is to the D felony of attempted
12 gang assault in the 2nd degree with a promise of two years jail and
13 two years post release supervision.
14 THE CLERK: Out until the day of sentence.
15 MR. BURSTEIN: Out I&S.
16 (Whereupon the defendant was sworn by the clerk of the court.)
17 THE DEFENDANT: Yes.
18 THE COURT: All right. I have before me Superior Court
19 Information number 35 of 2010 charging the defendant, Robert Rundo
20 with a class D felony of attempted gang assault in the 2nd degree
21 and waiver signed by the defendant waiving his right to indictment
22 by grand jury and appeal after conviction and sentence.
23      You've been sworn in. I am going to ask you some questions.
24 You could stop me at any time to speak to your lawyer. Anything you
25 say which is not the truth, you could be charged with perjury.

gjn

ROBERT RUNDO - Proceedings                                      3

1           Do you understand?
2           THE DEFENDANT: Yes, your Honor.
3           THE COURT: Thank you.
4           Please give me your name your aging and whether or not you are
5       a US citizen.
6           THE DEFENDANT: My name is Robert Rundo, date of birth is
7       ███ /90, age is 19.
8           THE COURT: Are you a US citizen?
9           THE DEFENDANT: Yes, I am a US citizen.
10          THE COURT: Are you under the influence of any alcohol or drugs
11      at the present time?
12          THE DEFENDANT: No.
13          THE COURT: Have you had any within the past 24 hours?
14          THE DEFENDANT: No.
15          THE COURT: Have you had enough time to discuss this plea with
16      your attorney?
17          THE DEFENDANT: Yes.
18          THE COURT: Are you satisfied with his handling of your case?
19          THE DEFENDANT: Yes.
20          THE COURT: Since you are charged with a felony you have the
21      right to have your case presented to the grand jury and to be
22      prosecuted only if the grand jury voted and filed an indictment
23      against you.
24          Do you understand this?
25          THE DEFENDANT: Yes.

gjn

USA_00222208

5

ROBERT RUNDO - Proceedings 4

1  THE COURT: By signing the waiver you are telling me you are
2  willing to give up these rights because you wish to accept the plea
3  offered by the district attorney and the sentence promised by the
4  Court.
5  Is that what you wish to do?
6  THE DEFENDANT: Yes.
7  THE COURT: Based on the defendant's answers to my questions I
8  find the waiver was made in a knowing and intelligent manner in the
9  presence of his lawyer in full compliance with the Criminal
10 Procedure Law. I approve of the waiver.
11 THE CLERK: Robert Rundo, the district attorneys' office of
12 Queens County has filed Superior Court Information 35 of 2010
13 charging you with the felony of attempted gang assault in the 2nd
14 degree, a class D violent felony.
15 Counselor, waive further readings?
16 MR. ZGUZIK: No, your Honor.
17 THE CLERK: Waive further reading?
18 MR. ZGUZIK: Yes.
19 THE CLERK: Plea is guilty?
20 MR. ZGUZIK: Yes.
21 THE COURT: Sir, your attorney tells me you wish to enter a
22 plea of guilty to attempted gang assault in the 2nd degree, a class
23 D felony to take care of the charges in this case.
24 You could have received up to seven years in jail on this case;
25 however the promise here is two years in jail with two years post

gjn

USA_00222209
6

ROBERT RUNDO - Proceedings                                                5

1    release supervision when you are sentenced.
2           Do you want to enter this plea of guilty?
3           THE DEFENDANT:  Yes, your Honor.
4           THE COURT:  Now you are going to remain out pending sentence.
5    I am going to impose upon you the usual three conditions which are
6    the following: First, do not get rearrested between now and the
7    time of sentence.
8           Do you understand that?
9           THE DEFENDANT:  Yes, your Honor.
10          THE COURT:  Secondly, you report to probation and cooperate
11   with them.
12          Do you understand that?
13          THE DEFENDANT:  Yes, your Honor.
14          THE COURT:  And lastly, you come back to court on the date I am
15   about to give you for sentence.
16          Do you understand that?
17          THE DEFENDANT:  Yes, your Honor.
18          THE COURT:  All right.  The sooner you do this, you heard what
19   your sentence will be, but if you do not comply with these
20   conditions, People, what's the proposed sentence if he doesn't
21   comply with the conditions?
22          MR. BURSTEIN:  The sentence on this?
23          THE COURT:  Yes.
24          MR. BURSTEIN:  It would be up to seven years jail, your Honor.
25          THE COURT:  All right.  You could receive then up to seven

gjn

USA_00222210
7

ROBERT RUNDO - Proceedings							6

1    years in jail so make sure you do what you have to do here.
2         Do you understand?
3         THE DEFENDANT:   Yes, your Honor.
4         THE COURT:   Now I also advise you this will be your first
5    felony conviction. If we discover you previously have been
6    convicted of a felony in New York or any other state or jurisdiction
7    you won't be sentenced as I just said but you will get mandatory
8    jail time and I will not allow you to withdraw your plea.
9         Do you understand this?
10        THE DEFENDANT:   Yeah -- yes, your Honor.
11        THE COURT:   Yes. Have you ever been convicted of a felony in
12   New York or any other state or jurisdiction?
13        THE DEFENDANT:   No, your Honor.
14        THE COURT:   All right. By pleading guilty here you are giving
15   up your right to a trial. You are giving up your right to have the
16   People put on witnesses to testify against you and giving up your
17   right to testify on your own behalf or remain silent.
18        Do you understand this?
19        THE DEFENDANT:   Yes, your Honor.
20        THE COURT:   Also by signing the Waiver of Appeal you are giving
21   that up as well so by entering this plea of guilty you are giving up
22   all of these rights.
23        Are you willing to do so to plead guilty?
24        THE DEFENDANT:   Yes, your Honor.
25        THE COURT:   Has anybody forced you to plead guilty here?

gjn

USA_00222211

8

ROBERT RUNDO - Proceedings                                    7

1       THE DEFENDANT:  No, your Honor.
2       THE COURT:  Are you pleading guilty because you are in fact
3   guilty?
4       THE DEFENDANT:  Yes, your Honor.
5       THE COURT:  Directing your attention then to on or about
6   May 10, 2009 in the County of Queens, City and State of New York,
7   being aided by two or more persons actually present with intent to
8   cause physical injury to Jose Maya, did you attempt to cause serious
9   physical injury to Jose Maya, did you do that?
10      THE DEFENDANT:  Yes, your Honor.
11      THE COURT:  Now after you plead guilty in this case you're
12  going to have a felony conviction on your record so if you are
13  convicted of another felony you will be deemed to be a predicate
14  felon, that means with somebody with more than one felony conviction
15  and you must be sentenced then to mandatory state time.
16         Do you understand that?
17      THE DEFENDANT:  Yes, your Honor.
18      THE COURT:  Have you understood all of my questions?
19      THE DEFENDANT:  Yes, your Honor.
20      THE COURT:  Is the plea acceptable to the People?
21      MR. BURSTEIN:  Yes, your Honor.
22      THE COURT:  Thank you to the court as well.
23         What date for sentence -- and there is an Order of Protection
24  in effect as well?
25      THE CLERK:  How is March 22nd?

gjn

USA_00222212
9

ROBERT RUNDO - Proceedings                    8

1   MR. ZGUZIK:   March 22nd is good.
2   THE COURT:   All right. 3/22. Thank you.
3   MR. ZGUZIK:   Thank you, your Honor.
4
5                  * * * * * * *
6
7   CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT OF
8   THE ORIGINAL STENOGRAPHIC MINUTES TAKEN OF THIS
9   PROCEEDING.
10
11
12          *signature: Gail J. Neufeld*
            GAIL J. NEUFELD, RPR
13          Senior Court Reporter
14
15
16
17
18
19
20
21
22
23
24
25

gjn

```
                                                                  1

 1     SUPREME COURT OF THE STATE OF NEW YORK

 2     COUNTY OF QUEENS:  CRIMINAL TERM, PART W-50
       ---------------------------------------X
 3     THE PEOPLE OF THE STATE OF NEW YORK,    Indictment No.

 4                  -against-                   35.10

 5                                              Sentence
       ROBERT RUNDO,
 6
                        Defendant.
 7     ---------------------------------------X
                                    March 22, 2010
 8                                  125-01 Queens Boulevard
                                    Kew Gardens, New York
 9


10
       B E F O R E :
11
                 HONORABLE DOROTHY CHIN BRANDT,
12                                              Justice,


13


14
       A P P E A R A N C E S :
15
       For the People:
16
             JOHN M. RYAN, ESQ.
17           District Attorney, Queens County,
             BY: SHARON SCOTT-BROOKINGS, ESQ.
18           Assistant District Attorney

19
       FOR THE DEFENDANT:
20
             EDWARD W. HAYES, P.C.
21           BY: ADAM GUZIK, ESQ.

22

23                          ROCHELLE J WRIGHT, RPR, CSR
                               OFFICIAL COURT REPORTER
24

25


                                                  RJW
```

USA_00222214

Proceedings                                                    2

1     COURT CLERK: Number six on the calendar,
2  Robert Rundo.
3     MS. SCOTT-BROOKINGS: Sharon Scott
4  Brookings.
5     MR. GUZIK: Good afternoon, your Honor.
6  Adam Guzik, Edward W. Hayes, PC 515 Madison Avenue,
7  430, New York, New York 10022 for the defendant Robert
8  Rundo.
9     THE COURT: This defendant actually had pled
10 guilty before me. He had an out investigation and
11 sentence. He was promised two years in jail with two
12 years post-release supervision. Is that everybody's
13 understanding here?
14    MR. GUZIK: Yes.
15    MS. SCOTT-BROOKINGS: Yes.
16    THE COURT: Are we ready to proceed?
17    MR. GUZIK: Yes, your Honor.
18    THE COURT: Sir, your sentence is that you
19 be sentenced to a term of two years in jail with two
20 years post-release supervision. There is a mandatory
21 surcharge. I am directing that be taken from inmate
22 funds. I wish you good luck.
23    COURT CLERK: $325 plus $50 DNA fee.
24    CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT.
25    _____
      ROCHELLE J. WRIGHT, RPR, CSR
                                          RJW

**STATE OF NEW YORK**
**EXECUTIVE DEPARTMENT – DIVISION OF PAROLE**
**CERTIFICATE OF RELEASE TO PAROLE SUPERVISION**
DETERMINATE – POST-RELEASE SUPERVISION

Release Funds $151.36

SENTENCE:

NYSID NO. 02930033H

RUNDO, ROBERT 10A1614, now confined in Greene CF who was convicted of Att. Gang Assault 2 (D) and sentenced in the county of Queens at a term of the Supreme Court, Judge Melendez presiding on the 22 day of March 2010, for the term of 0-0-0/2-0-0 the maximum term of such sentence expires on the 18 day of March 20 12, has agreed to abide by the conditions to which (he) (she) has signed (his) (her) name below, and is hereby released by virtue of the authority conferred by New York State Law. Robert Rundo, is additionally subject to a period of 2 Yrs years Post-Release Supervision, which will commence on the release date of 12/2/11 and (he) (she) will be under the legal jurisdiction of the Division of Parole until the Post-Release Supervision maximum expiration date of 12/2/, 20 13.

Date of Release: 12/2/11
Post-Release Supervision Period: 2 Yrs
Post-Release Supervision Maximum Expiration Date: 12/2/13

Reside: [redacted] mother
[redacted]
Bayside, NY 11361±1
PH:

I, Robert Rundo, voluntarily accept Parole Post-Release supervision. I fully understand that my person, residence and property are subject to search and inspection. I understand that Parole Post-Release Supervision is defined by these Conditions of Release and all other conditions that may be imposed upon me by the Board of Parole or its representatives. I understand that my violation of these conditions may result in the revocation of my release.

**CONDITIONS OF RELEASE**

1. I will proceed directly to the area to which I have been released, and, within twenty-four hours of my release, make my arrival report to the Office of the Division of Parole unless other instructions are designated on my release agreement.
Report to: [redacted]   Jamaica, NYH11433
PH: 718-[redacted]
2. I will make office and/or written reports as directed.
3. I will not leave the State of New York or any other State to which I am released or transferred, or any area defined in writing by my Parole Officer without permission.
4. I will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search and inspection of my person, residence and property. I will discuss any proposed changes in my residence, employment or program status with my Parole Officer. I understand that I have an immediate and continuing duty to notify my Parole Officer of any changes in my residence, employment or program status when circumstances beyond my control make prior discussion impossible.
5. I will reply promptly, fully and truthfully to any inquiry of or communication by my Parole Officer or other representative of the Division of Parole.
6. I will notify my Parole Officer immediately any time I am in contact with or arrested by any law enforcement agency. I understand that I have a continuing duty to notify my Parole Officer of such contact or arrest.
7. I will not be in the company of or fraternize with any person I know to have a criminal record or whom I know to have been adjudicated a Youthful Offender except for accidental encounters in public places, work, school or in any other instance with the permission of my Parole Officer.
8. I will not behave in such manner as to violate the provisions of any law to which I am subject which provide for a penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others.
9. I will not own, possess, or purchase any shotgun, rifle or firearm of any type without the written permission of my Parole Officer. I will not own, possess or purchase any deadly weapon as defined in the Penal Law or any dangerous knife, dirk, razor, stiletto, or imitation pistol. In addition, I will not own, possess or purchase any instrument readily capable of causing physical injury without a satisfactory explanation for ownership, possession or purchase.
10. In the event that I leave the jurisdiction of the State of New York, I hereby waive my right to resist extradition to the State of New York from any state in the Union and from any territory or country outside the United States. This waiver shall be in full force and effect until I am discharged from Parole or Conditional Release. I fully understand that I have the right under the Constitution of the United States and under law to contest an effort to extradite me from another state and return me to New York, and I freely and knowingly waive this right as a condition of my Parole or Conditional Release.
11. I will not use or possess any drug paraphernalia or use or possess any controlled substance without proper medical authorization.
12. Special Conditions:

SEE ATTACHED CONTINUATION SHEET

13. I will fully comply with the instructions of my Parole Officer and obey such special additional written conditions as he or she, a Member of the Board of Parole or an authorized representative of the Division of Parole may impose.

I hereby certify that I have read and that I understand the foregoing conditions of my release and that I have received a copy of this Certificate of Release.

Signed this _____ day of DEC 20 11
Releasee: [signature]   Witness: [signature]

DIVISION OF PAROLE
RECEIVED
DEC 0 5 2011
CENTRAL FILES

3010PRS (12/00)   COPY TO CENTRAL FILES

USA_00222216

13

**STATE OF NEW YORK**
**EXECUTIVE DEPARTMENT – DIVISION OF PAROLE**
**CERTIFICATE OF RELEASE TO PAROLE SUPERVISION**
DETERMINATE – POST-RELEASE SUPERVISION

Release Funds $151.36

SENTENCE:

NYSID NO. 02930033H

RUNDO, ROBERT  10A1614, now confined in Greene CF who was convicted of Att. Gang Assault 2 (D) and sentenced in the county of Queens at a term of the Supreme Court, Judge Melendez presiding on the 22 day of March 2010, for the term of 0-0-0/2-0-0 the maximum term of such sentence expires on the 18 day of March 20 12, has agreed to abide by the conditions to which (he) (she) has signed (his) (her) name below, and is hereby released by virtue of the authority conferred by New York State Law. Robert Rundo, is additionally subject to a period of 2 Yrs years Post-Release Supervision, which will commence on the release date of 12/2/11 and (he) (she) will be under the legal jurisdiction of the Division of Parole until the Post-Release Supervision maximum expiration date of 12/2/, 20 13.

Date of Release: 12/2/11
Post-Release Supervision Period: 2 Yrs
Post-Release Supervision Maximum Expiration Date: 12/2/13

Reside: ▇▇▇ mother
▇▇▇
Bayside, NY 11361
PH:

I, Robert Rundo, voluntarily accept Parole Post-Release supervision. I fully understand that my person, residence and property are subject to search and inspection. I understand that Parole Post-Release Supervision is defined by these Conditions of Release and all other conditions that may be imposed upon me by the Board of Parole or its representatives. I understand that my violation of these conditions may result in the revocation of my release.

**CONDITIONS OF RELEASE**

1. I will proceed directly to the area to which I have been released, and, within twenty-four hours of my release, make my arrival report to the Office of the Division of Parole unless other instructions are designated on my release agreement.
Report to: ▇▇▇   NYH11433
PH: 558-5150
2. I will make office and/or written reports as directed.
3. I will not leave the State of New York or any other State to which I am released or transferred, or any area defined in writing by my Parole Officer without permission.
4. I will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search and inspection of my person, residence and property. I will discuss any proposed changes in my residence, employment or program status with my Parole Officer. I understand that I have an immediate and continuing duty to notify my Parole Officer of any changes in my residence, employment or program status when circumstances beyond my control make prior discussion impossible.
5. I will reply promptly, fully and truthfully to any inquiry of or communication by my Parole Officer or other representative of the Division of Parole.
6. I will notify my Parole Officer immediately any time I am in contact with or arrested by any law enforcement agency. I understand that I have a continuing duty to notify my Parole Officer of such contact or arrest.
7. I will not be in the company of or fraternize with any person I know to have a criminal record or whom I know to have been adjudicated a Youthful Offender except for accidental encounters in public places, work, school or in any other instance with the permission of my Parole Officer.
8. I will not behave in such manner as to violate the provisions of any law to which I am subject which provide for a penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others.
9. I will not own, possess, or purchase any shotgun, rifle or firearm of any type without the written permission of my Parole Officer. I will not own, possess or purchase any deadly weapon as defined in the Penal Law or any dangerous knife, dirk, razor, stiletto, or imitation pistol. In addition, I will not own, possess or purchase any instrument readily capable of causing physical injury without a satisfactory explanation for ownership, possession or purchase.
10. In the event that I leave the jurisdiction of the State of New York, I hereby waive my right to resist extradition to the State of New York from any state in the Union and from any territory or country outside the United States. This waiver shall be in full force and effect until I am discharged from Parole or Conditional Release. I fully understand that I have the right under the Constitution of the United States and under law to contest an effort to extradite me from another state and return me to New York, and I freely and knowingly waive this right as a condition of my Parole or Conditional Release.
11. I will not use or possess any drug paraphernalia or use or possess any controlled substance without proper medical authorization.
12. Special Conditions:

SEE ATTACHED CONTINUATION SHEET

13. I will fully comply with the instructions of my Parole Officer and obey such special additional written conditions as he or she, a Member of the Board of Parole or an authorized representative of the Division of Parole may impose.

DIVISION OF PAROLE
RECEIVED
DEC 0 5 2011
CENTRAL FILES

I hereby certify that I have read and that I understand the foregoing conditions of my release and that I have received a copy of this Certificate of Release.

Signed this 1st day of Dec 20 11
Releasee: ▇▇▇    Witness: ▇▇▇

3010PRS (12/00)
COPY TO CENTRAL FILES

USA_00222217

14